# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD ROOT,<br><br>Defendant. | Case No. 13-MJ-117<br><br>ORDER FOR PRETRIAL DETENTION |

On the 2nd day of May, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## I. RELEVANT FACTS AND PROCEEDINGS

On April 29, 2013, Defendant Chad Root was charged by Criminal Complaint (docket number 2) with being a felon in possession of a firearm.

At the hearing, DNE Special Agent Josh Mulnix testified regarding the circumstances underlying the instant charge. On April 29, 2013, at 6:15 a.m., a search warrant was executed at Defendant's residence. Officers saw Defendant outside his residence near a walk-in door to the garage. When he saw law enforcement, Defendant entered the garage and locked the door. Officers breached the garage door, and found Defendant on the opposite side of the garage on his knees, with a loaded SKS assault rifle nearby. Defendant offered no resistance and was taken into custody.

1

Officers searched the garage and found an active one-pot methamphetamine lab. A reaction was taking place in a sports drink bottle. A sample of the contents has been sent to a laboratory for testing. There was a chemical odor inside the garage. Law enforcement also found old one-pot vessels containing sludge, lithium batteries, and baggies containing pseudoephedrine. Special Agent Mulnix testified that these items were consistent with the manufacture of methamphetamine. In addition to the assault rifle found on the floor near Defendant, four additional firearms, including two loaded rifles, one loaded shotgun, and one loaded revolver, were found in plain view inside the garage.

Law enforcement also searched the living area of Defendant's residence. Officers found multiple baggies of powder which tested positive for methamphetamine. Officers also found eight additional firearms in Defendant's residence. Some of the firearms were found inside a safe located in a hallway closet, while others were found outside the safe. Additionally, Defendant's residence had two surveillance cameras on the outside of the house with surveillance monitors in the garage. Lastly, Special Agent Mulnix testified that Defendant told Special Agent Kyle Bassett that he had planned to "shoot it out" with law enforcement if they came to his house, but he lost his nerve.

According to the pretrial services report, Defendant is 41 years old. He was born in Waverly, Iowa, and has lived in eastern Iowa most of his life. From 1988 to 1991, Defendant lived in Tempe, Arizona, with his father. Defendant told the pretrial services officer, however, that he has not had contact with his father for 22 years. He also lived in Seward, Alaska, from 2006 to 2010. For the past two years, he has lived in Waukon, Iowa. Defendant was married to Sarah Bondra from 2000 to 2004. They had two children together. Defendant is currently married to Jean Gelo, and they have been married since 2007.

Defendant has been employed at Agri Star in Postville, Iowa, for the past two years. Defendant's supervisor told the pretrial services officer that Defendant was a "good and

dependable" employee, but Defendant could not return to work at Agri Star. At the hearing, it was proffered that Defendant could work for his father-in-law on his farm, if Defendant was released.

Defendant is in good physical health. He reports no present mental or emotional health concerns, but was treated for a mental health condition in the past. Defendant told the pretrial services officer that since 1988, when not incarcerated, he smoked marijuana one to three times per month, and used methamphetamine on a daily basis. His last use of methamphetamine was on April 29, 2013 — the day the warrant was executed at his home.

Turning to his criminal record, on August 30, 1989, at age 18, Defendant was charged and later convicted in Phoenix, Arizona, with possession of stolen property and larceny. He was sentenced to 60 days in jail and 4 years probation. In June 1990, his probation was revoked, and he was sentenced to 3 years in prison.[1]

On August 11, 1991, in Cedar Falls, Iowa, Defendant was charged with assault, fourth degree criminal mischief, and interference with official acts. The disposition of those charges is unknown. On October 18, 1991, Defendant was charged and later convicted of 2 counts of second degree burglary, possession of burglar tools, second degree attempted burglary, unauthorized possession of offensive weapons, and possession of a firearm by a felon. Defendant was sentenced to 10 years in prison on the second degree burglary counts and the possession of burglar tools charge. He was sentenced to 5 years in prison on each of the remaining three charges. While it is unclear when he was released from prison, his sentences were discharged on February 14, 2000.

On February 19, 1999, Defendant was charged and later convicted of domestic abuse assault without intent causing injury. On December 4, 2000, Defendant was charged

---

[1] The discharge date of Defendant's prison sentence is unknown.

and later convicted of a controlled substance violation and possession of ephedrine. He was sentenced to 10 years in prison on the controlled substance violation and 5 years in prison on the possession of ephedrine charge. He was paroled on April 29, 2004, and discharged from parole on January 23, 2006.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized

involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the weight of the evidence against Defendant is strong. Defendant has multiple prior felony convictions. Defendant was found in his garage with five loaded firearms in his proximity. Eight additional firearms were found in Defendant's house.

Defendant has a prior drug conviction, and there was evidence that he was manufacturing methamphetamine at his residence. He also admits being an active user of drugs. The Court believes that the combination of active drug use, the manufacturing of drugs, and possession of firearms constitutes a danger to the community. Defendant has multiple prior felony convictions and, therefore, knew he was prohibited from possessing a firearm. Special Agent Mulnix testified that Defendant allegedly told another agent that he originally intended to "shoot it out" with law enforcement, but lost his nerve. While Defendant has been residing in Iowa for the past two years, he lived in Alaska for four years prior to that.

The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Accordingly, there is no condition or combination of conditions that would assure Defendant's appearance for court proceedings, or assure the safety of the community if Defendant is released. Therefore, based on the serious nature and circumstances of the offense, the strong evidence against him, the fact that he is an active drug user and manufacturer of drugs, and he was found in possession of thirteen firearms, the Court determines that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of

proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 3rd day of May, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA